# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEON PERCIVAL,

      Petitioner,                  Civil No. 96-CV-72246

                                   HONORABLE ARTHUR J. TARNOW

v.                           UNITED STATES DISTRICT JUDGE

WAYNE STINE,

      Respondent,

_____/

## OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, (2) DENYING IN PART THE RULE 60 (B) MOTION FOR RELIEF FROM JUDGMENT AND THE MOTION FOR AN ORDER TO SHOW CAUSE, AND (3) TRANSFERRING IN PART THE RULE 60(B) MOTION AND THE MOTION FOR AN ORDER TO SHOW CAUSE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Leon Percival, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Petitioner also filed a motion for an order to show cause which would require respondent to file an answer and for expedited consideration. Petitioner claims that this Court's predecessor lacked subject matter jurisdiction to adjudicate his 1997 habeas petition, in which petitioner challenged his conviction out of the Detroit Recorder's Court for second-degree murder, because petitioner's conviction was the result of a void state court judgment. For the reasons stated below, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court denies in part the 60(b) motion for relief

from judgment.  The Court also transfers the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I.  Background

Petitioner previously filed a petition for writ of habeas corpus challenging his conviction for second-degree murder, which this Court's predecessor, Judge Julian Abele Cook, Jr. denied on the merits. *Percival v. Stine,* 96-CV-72246 (E.D. Mich. May 30, 1997); *appeal dism.* No. 97-1727 (6th Cir. December 18, 1997); *cert. den.* 524 U.S. 941 (1998).

Petitioner has since been denied authorization by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *In Re Percival,* No. 06-1485 (6th Cir. October 31, 2006).

Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4).  Petitioner claims that this Court lacked subject matter over his habeas petition because his state court conviction was and is void because the state court failed to provide counsel for him at critical stages of the prosecution, because neither Judge Jasper nor Judge Talbot took or filed their oaths of office, and because the Detroit Recorder's Court lacked jurisdiction over petitioner's case because the crime he was convicted of took place outside of the City of Detroit.  Petitioner has also filed a motion to show cause respondent to file an answer and for expedited consideration.

2

## II.  Discussion

Petitioner seeks to reopen his case and vacate the original judgment.  The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motions.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).  On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532.

Petitioner contends that the federal district court lacked jurisdiction over his habeas petition because his underlying state court judgment was void.

Fed. R. Civ. P. 60(b)(4) indicates that a court may relieve a party from a final judgment, order, or proceeding because the judgment is void.  A judgment is

3

considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.,* 66 F. 3d 105, 108 (6th Cir. 1995)(quoting *In Re Edwards,* 962 F. 2d 641, 644 (7th Cir. 1992)).

Petitioner is not entitled to relief from judgment.   Assuming that petitioner's state court judgment was somehow void, this would not deprive this Court of jurisdiction to adjudicate his habeas petition.  A state court's lack of jurisdiction over a criminal case can actually provide a basis for a state prisoner to obtain habeas relief in the federal court.  "[I]t has long been established that federal habeas corpus relief is available when a conviction is void for want of jurisdiction in the trial court." *Rhode v. Olk-Long*, 84 F. 3d 284, 287 (8th Cir. 1996)(citing *Keizo v. Henry*, 211 U.S. 146, 148 (1908); *Ex parte Siebold*, 100 U.S. (10 Otto) 371, 375 (1879); *Houser v. United States*, 508 F. 2d 509, 512 (8th Cir. 1974)).  For many years in fact, a petition for writ of habeas corpus was limited only to those cases where a conviction was void because the trial court lacked jurisdiction. *Houser,* 508 F. 2d at 512 (citing *Frank v. Mangum*, 237 U.S. 309, 327 (1915)); *See also Turpin v. Sacks,* 291 F. 2d 223 (6th Cir. 1961)("Habeas corpus is not the proper remedy to obtain release from custody, unless the sentencing court was without jurisdiction, or the sentence was, in legal effect, null and void.").  Since a federal court has jurisdiction to entertain a habeas challenge to a state court's

4

jurisdiction over a criminal prosecution, the mere fact that the state court may have lacked jurisdiction over petitioner's case or that the state court judgment was otherwise void did not deprive Judge Cook of jurisdiction over the habeas petition or render the judgment void.  To the extent that petitioner's motion for relief from judgment challenges an alleged defect in the proceedings, it is denied.

To the extent that petitioner seeks to have his state court conviction set aside, he would be required to obtain authorization from the Sixth Circuit before he could obtain habeas relief on his claim.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how

5

meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). Petitioner's claim that the state court lacked jurisdiction is subject to the limitations on the filing of successive habeas petitions contained within 28 U.S.C. § 2244(b)(3)(A). *See Clark v. Milyard,* 341 Fed. Appx. 353, 354 (10th Cir. 2009).

Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits. Petitioner's current Rule 60(b) motion, to the extent it challenges his state court conviction, is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III.  CONCLUSION

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The motion for relief from judgment [Dkt. # 47] and the related

6

motion for an order to show cause [Dkt. # 48] are **DENIED IN PART**.

(3) The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment [Dkt. # 47] and the related motion for an order to show cause [Dkt. # 48] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2016

7